**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4097**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICARDO PACHECO,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CR-04-250)

─────────────

Submitted:  August 29, 2005      Decided:  December 19, 2005

─────────────

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam.

─────────────

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ricardo Pacheco appeals his 76-month sentence pursuant to a guilty plea for reentry of a deported alien felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). His sole argument on appeal is that a remand is warranted because he was sentenced under a mandatory application of the Federal Sentencing Guidelines, in violation of United States v. Booker, 125 S. Ct. 738 (2005). We affirm Pacheco's conviction, vacate the sentence, and remand for further proceedings.[1]

Pacheco asserts that he should be resentenced in light of Booker because the district court sentenced him under the mandatory Sentencing Guidelines scheme. In United States v. White, 405 F.3d 208 (4th Cir. 2005), we held that treating the Guidelines as mandatory constitutes error under Booker. See id. at 216-17. Because we find error and the Government raises no objections to resentencing, we vacate the sentence, and remand for further proceedings.[2] We also affirm Pacheco's conviction. We dispense

---

[1]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Pacheco's sentencing.

[2]Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence.  Hughes, 401 F.3d at 546.  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005).  Hughes, 401 F.3d at 546.  The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id. at 547.